NORRIS, APPELLEE, *v.* NORRIS, APPELLANT.

(No. CA-5924—Decided November 29, 1982.)

*Mr. Allen Schulman, Jr.,* for appellee Lela Norris.

*Mr. C. Roland Centrone,* for appellant William Norris.

MILLIGAN, J. In ancillary proceedings, the Stark County Court of Common Pleas modified its prior alimony order by increasing both the amount and the term (duration) of alimony. Defendant appeals, assigning two errors:

"I. The trial court's decision to modify the former award of alimony is arbitrary and not supported by the evidence.

"II. The trial court abused its discretion by ordering triple alimony and a two year extention [*sic*] of alimony."

In 1978, the Stark County Court of Common Pleas, Division of Domestic Relations, divided property and awarded alimony in a contested divorce between the parties. This court, on appeal, reversed and remanded, upon the grounds that the division of property was not consistent with the mandate, as understood, of *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [25 O.O.2d 474]. The trial court, upon remand, issued another judgment in substantially the same form.

The trial court, in an eight-page judgment, ordered:

"8. The Defendant will be ordered to pay the outstanding obligations that are listed on the financial statement and hold the Plaintiff harmless.

"9. The Plaintiff does not enjoy good health; however is employed as a domestic with an approximate monthly net income of $356. She has no pension benefits except that which might accrue under Social Security. The Court will order by way of sustenance alimony the sum of $100 per month, said sum to be paid until one of the following conditions occurs: a. Plaintiff dies; b. Plaintiff remarries; c. Plaintiff lives in a state of concubinage; d. Four years.

"10. The Defendant is gainfully employed at The Timken Company with an approximate net income of $1,000 a month. He suffers from a chronic heart condition and in recent years has been off work for considerable periods of time. As an hourly employee he does not contribute to the pension fund. His vested right to the pension will not occur until September, 1979 when he will have worked for the company for a period of ten years. However, at the time of the hearing, the non-contributory amount of his pension upon which his pension would be determined is in excess of $13,000. The Court will order that should this pension vest, said pension will be the Defendant's exclusively, and the Plaintiff will have no claim thereon.

"11. The crux of the problem facing counsel and the parties is a claim by Social

Security of an over-payment in the amount of $5,432.10 based upon the Defendant's total disability sometime in the year[s] 1977 and 1978. The proof of claim by the Social Security was submitted to the Court. However, counsel for Defendant and Plaintiff contend that Social Security has made no effort to collect same and that one or both parties may be involved in contentious litigation as to the validity of same.

"Court can make no order based upon an allusion. If, in fact, the claim is ligitimate [sic], then both parties having benefitted from same should be responsible for same.

"Counsel and parties could not agree on anything as it relates to this claim. Therefore the Court will indicate that this claim shall be subject to further order as it relates to alimony awarded to both parties.

"12. As and for alimony and partial attorney fees, the Defendant will be ordered to pay $300 to Plaintiff and be credited with any monies heretofore paid."

Neither party appealed the judgment, issued before *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318].

In May 1982, the trial court sustained the plaintiff-appellee's motion to modify the prior alimony award, finding a substantial change in the financial circumstances of the parties. The court ordered:

"* * * that the Defendant pay to the Plaintiff, as sustenance alimony, the sum of Three Hundred Dollars ($300.00) per month, for a period of Three (3) years, beginning June 1, 1982, plus poundage.

"If the Plaintiff dies, remarries, or cohabits with another during the three (3) year period the sustenance alimony shall terminate."

This is *not* a case where the court is asked to modify a judgment which approves and incorporates an agreement between the parties. In this case, there had been, at no time, any agreement with respect to the payment of sustenance alimony.

Under such circumstances, the continuing jurisdiction of the alimony-granting court to modify its order is historically recognized. 18 Ohio Jurisprudence 2d (Rev. 1972), Divorce and Separation, Section 272.

The substantial change of circumstance upon which this increase in sustenance alimony was grounded relates entirely to the circumstances of the obligor, appellant. Neither party argues any significant change in the circumstances of *need* of the obligee, appellee.

The posture of this case presents a novel question:

May the trial court, exercising its continuing jurisdiction over sustenance alimony judgments not the product of agreement between the parties, increase the amount and duration of the sustenance alimony upon a showing of increased ability of the obligor to pay, without a showing of substantial change in the circumstances of the obligee increasing her need for sustenance?

The unsettled and unsettling implications of continuing jurisdiction over sustenance alimony awards has provoked the Family Law Committee of the Ohio State Bar Association to propose amendments to R.C. 3105.18 and 3105.65, limiting the jurisdiction to modify alimony to only those cases where such jurisdiction is specifically reserved in the decree or separation agreement. The purpose is self-evident:

"In recommending these changes, the Family Law Committee's main objectives were finality of decisions, consistency in treatment between Decrees of Divorce and Decrees of Dissolution, and the promotion of settlements. * * * The purpose of the changes is to help create finality to decrees. * * * These amendments should encourage more settlements in divorce actions. * * * Under the present situation, support is terminated at a definite time, but alimony could be open indefinitely for

review. This situation places an uncertainty on the payor who might not want to take the risk that alimony could be modified whereby his payments would be extended over a period not contemplated. * * *" Report of the Family Law Committee to the Council of Delegates, 55 Ohio Bar 1823.

As it relates to modification of sustenance alimony, most of the cases cited by both parties deal with reduction grounded in inability to pay. See *Olney* v. *Watts* (1885), 43 Ohio St. 499; *Hunt* v. *Hunt* (1959), 169 Ohio St. 276 [8 O.O.2d 286].

The purpose and function of sustenance alimony is to accommodate the post-divorce *need* of the obligee. Thus, the Supreme Court has noted that many of the eleven factors for determining alimony, R.C. 3105.18, "have little relevance to the possible *need* for sustenance * * *." *Wolfe, supra,* at 414. Further, in commenting upon the responsibility of the trial court, *in an original action,* the court stated at 414:

"Only after a division of property is made, is the court statutorily authorized to consider whether an additional amount is needed for sustenance, and for what period will such necessity persist.

"Any grant of 'alimony' for sustenance is necessarily co-extensive with the court's determination that it is needed and warranted. Such authentication and supervision is accomplished through the continuing jurisdiction of the court."

We conclude that in the exercise of its continuing jurisdiction over sustenance alimony awards previously issued without a separation agreement, the court must first find that there has been a substantial change in the circumstances of the obligee as it relates to need for sustenance.

Having then determined that there is such a change in the need of the obligee, the court must further find that there has been a substantial change in the circumstances of the obligor as relates to his ability to pay.

The predicate of changed need is necessary to provide to the parties, at the time of divorce, some dependable guideline for potential future expectations.

Appellant's first assignment of error is sustained.

The second assignment of error addresses the fact that the modified order of sustenance support not only increases the amount of spousal support, but also extends the original period during which sustenance alimony was to be paid.

This kind of modification order is equally unsettling, if approved, to litigants and practitioners in the field of family law.

In its original determination the trial court set a termination date for sustenance alimony. In its modification order the trial court extended the obligation for approximately one additional year.

The original alimony order, which set a termination date for sustenance alimony, was not appealed by the party (obligee-appellee) who now seeks to have it extended to a longer period.

Although we can conceive of circumstances relating to the need of the obligee that would so dramatically change during the period of alimony as to justify extending the period of the duration of the obligation, there is no such showing in this case.

We conclude that by failing to appeal the original order fixing the duration of sustenance alimony, the appellant waived any right in the future to alimony beyond the period enunciated in the original judgment of divorce, fixing alimony.

For the reasons aforesaid, we sustain the first and second assignments of error and remand this cause to the Stark County Court of Common Pleas, Division of Domestic Relations, for further proceedings according to law.

*Judgment reversed and*
*cause remanded.*

Putman, J., concurs.

Quillin, J., concurs in judgment only.

Quillin, J., of the Ninth Appellate District, sitting by assignment in the Fifth Appellate District.