WOLDING, Appellee,

v.

WOLDING et al., Appellants.

[Cite as *Wolding v. Wolding* (1992), 82 Ohio App.3d 235.]

Court of Appeals of Ohio,
Logan County.

No. 8–92–3.

Decided Aug. 28, 1992.

*Quentin M. Derryberry II,* for appellee.

*Dennis Day Lager,* for appellant.

---

THOMAS F. BRYANT, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Logan County granting a divorce to plaintiff-appellee, Lynn Karen Wolding, and providing for a division of property, custody of the parties' minor children, child support, and visitation.

The appellee and defendant-appellant, Carlyle M. Wolding, were married in May 1966. Three children were born as issue of the marriage, two of whom were minors at the time of the proceedings in the trial court. Appellee filed this action against appellant on May 15, 1989, naming as co-defendants Dean Witter Reynolds, Inc., Harvest Insurance Agency and Harcourt Brace Jovanovich, all of which possessed or controlled certain alleged marital property.

Three separate hearings were held before a referee, who issued a report containing findings of fact and conclusions of law. In its Judgment Entry/Decree of Divorce dated June 20, 1990, the trial court adopted the referee's findings of fact, recommendations concerning conclusions of law, and resolution of the issues. The judgment entry granted a divorce to appellee on the grounds of gross neglect of duty and extreme cruelty on the part of appellant, granted custody of the minor children to appellee with reasonable rights of visitation granted to appellant, provided for child support, and provided for a division of marital property. The judgment entry further provided that appellant was not required to pay alimony based upon his financial status, including his unemployment at the time of these proceedings in the court below. The court ordered, however, that the issue of alimony be subject to the continuing jurisdiction of the court.

Appellee has failed to file a brief in this court. App.R. 18(C) provides that, in deciding this appeal, this court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

Appellant's first two assignments of error relate to the trial court's division of marital property and will be addressed together. They are:

### First Assignment of Error

"The trial court erred in the valuation of the parties' marital assets, resulting in an inflated but unreal award to defendant-appellant, all in violation of his right to an equitable division of property[.]"

Second Assignment of Error

"The trial court's alimony award [1] is disparate and inequitable; contrary to the manifest weight of the evidence; and constitutes an abuse of the trial court's discretion[.]"   (Footnote added.)

Throughout the marriage, appellant was employed by Harvest Insurance Agency ("Harvest"), a subsidiary of Harcourt Brace Jovanovich ("HBJ"), first as a salesman and ultimately as state manager for the state of Ohio. Along with his advancements in employment with Harvest came substantial increases in income and perquisites.  As a result, the parties were able to acquire substantial assets during the marriage, including HBJ stock.  Appellee was not employed outside the home except for approximately the first year of the marriage.

On January 23, 1989, between the time of the parties' separation and the time appellee filed this action in May 1989, appellant was discharged from his employment.  With the exception of approximately $300 to $400 earned from appellant's attempt at starting an insurance business in the state of Florida in 1989, appellant earned no income from employment from the time of his discharge until the time these proceedings were finalized.

The trial court awarded net assets of $173,423.68 to appellee and net assets of $114,954.77 to appellant.  Included in the award to appellant was all the HBJ common and preferred stock acquired by him from his Employee Stock Option Program.  The referee valued the stock at $94,447.89, which value the trial court adopted.  Appellant claimed in his objections to the referee's report and now claims on appeal that the true value of the stock at the time of the final hearing before the referee was $44,298.

At the December 12, 1989 hearing before the referee, counsel for the parties stipulated that the value to be assigned to the HBJ stock was that listed in the Money and Investing section of the Wall Street Journal for that date.  Appellant claims that, at the time of that hearing, counsel was unaware that further hearing would be necessary.  At the next hearing held on January 29, 1990, a copy of the Wall Street Journal for that day was entered into evidence without objection from appellee's counsel.  The value of the stock dropped significantly between these two hearings.  The value assigned to the HBJ stock by the referee and trial court is based on the value listed in the Wall Street Journal of December 12, 1989.

---

1.  It is apparent from appellant's argument in support of this assignment of error that he means property division rather than alimony award.  As discussed in the disposition of the third assignment of error, there was no alimony awarded in this case.

Appellant claims that this "inflated" value assigned to the HBJ stock which was awarded to him violates "his right to an equitable division of marital property." Taking into account the decreased value in the HBJ stock, appellant claims that he was awarded twenty-seven percent of the property while appellee was awarded seventy-three percent.

■ In *Verplatse v. Verplatse* (1984), 17 Ohio App.3d 99, 17 OBR 161, 477 N.E.2d 648, this court followed the holding of *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293, concerning property division in a divorce action. There is no presumption that marital property will be divided equally. A " 'potentially equal division should be the starting point of the trial court's analysis * * * ' " and then the factors listed in R.C. 3105.18 should be considered. *Verplatse,* 17 Ohio App.3d at 102, 17 OBR at 164, 477 N.E.2d at 652 (quoting *Cherry, supra* ).

■ A trial court is vested with broad discretion in determining what constitutes an equitable division of property and "[t]he mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." *Id.* " 'Abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

■ A review of the record in this matter does not lead this court to the conclusion that the trial court abused its discretion in determining the division of property. We also do not find that the trial court's property division is against the manifest weight of the evidence.

Appellant's first and second assignments of error are overruled.

Appellant's third assignment of error is:

"The trial court erred by attempting to reserve jurisdiction for modification of an alimony award it did not make[.]"

The trial court adopted the referee's recommendation concerning the issue of alimony and stated in its judgment entry:

"11. Based upon the current financial status of the parties, the [appellant] is not [o]rdered to pay permanent alimony to [appellee] at this time. However, the issue of alimony will remain subject to the continuing jurisdiction of this Court. In the event the [appellee] should be awarded sustenance alimony in the future, such alimony will terminate upon the death or remarriage of [appellee]."

Both the referee's report and the trial court's judgment entry note that appellant was unemployed at that time, but had sufficient assets from which to pay child support. It is assumed that the referee and trial court found that those assets were not also sufficient to pay alimony to appellee. Issued with the trial court's journal entry was an order for appellant to seek work.

R.C. 3105.18(D) [2] provides that the trial court has continuing jurisdiction to modify the terms or amount of an order for periodic alimony only if it finds that the circumstances of either party have changed and the decree or separation agreement contains a provision specifically authorizing the court to make such modification. We have found nothing which authorizes a trial court to continue jurisdiction over the issue of alimony when it made a specific finding that no alimony was warranted at the time of divorce.

In *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 18, 17 OBR 14, 15, 476 N.E.2d 1032, 1033, the Supreme Court held that "alimony decrees should possess a degree of finality and certainty." We believe that divorce decrees which make a specific finding that alimony is not warranted should also possess a degree of finality and certainty:

"In order to provide stability, the law look[s] with favor on the principle of 'finality of judgments.' The reason for this principle is that persons must be able to rely on court rulings. If courts had continuing jurisdiction to modify all decrees, there would be confusion and uncertainty." *Bean v. Bean* (1983), 14 Ohio App.3d 358, 361, 14 OBR 462, 466, 471 N.E.2d 785, 790, citing *Popovic v. Popovic* (1975), 45 Ohio App.2d 57, 64, 74 O.O.2d 94, 98, 341 N.E.2d 341, 346.

As recognized by the Court of Appeals for Stark County in *Norris v. Norris* (1982), 13 Ohio App.3d 248, 249, 13 OBR 310, 312, 469 N.E.2d 76, 78, the Family Law Committee of the Ohio State Bar Association, in recommending amendments to R.C. 3105.18 and 3105.65, had as one of its main objectives "finality of decisions."

We find that the trial court does not have the authority to continue jurisdiction concerning the issue of alimony in this matter where it made a specific finding that alimony was not warranted. Its attempt to reserve such jurisdiction for future consideration is error.

Appellant's third assignment of error is sustained.

---

2. We refer to subsection (D) of R.C. 3105.18 in effect at the time of this proceeding. The former subsection (D) is now codified in subsection (E) of R.C. 3105.18, which was amended effective January 1, 1991 and April 11, 1991.

Finding error prejudicial to appellant in that portion of the judgment of the Court of Common Pleas of Logan County which reserved jurisdiction concerning sustenance alimony, we reverse and modify that portion of the judgment, and the judgment is affirmed as modified.

*Judgment reversed in part,*
*modified and*
*affirmed as modified.*

SHAW and EVANS, JJ., concur.