ADAMS, Appellee,

v.

ADAMS, Appellant.

[Cite as *Adams v. Adams* (1994), 95 Ohio App.3d 419.]

Court of Appeals of Ohio,
Marion County.

No. 9–94–14.

Decided July 21, 1994.

*Liggett–Pelanda Co., L.P.A.,* and *Kevin Pelanda,* for appellee.

*Wiedemann & Taube* and *Donald H. Taube,* for appellant.

HADLEY, Judge.

Defendant-appellant, Larry J. Adams ("appellant"), appeals from a judgment filed in the Marion County Court of Common Pleas, awarding, among other things, spousal support to plaintiff-appellee, Kristine E. Adams ("appellee").

Appellant and appellee were married in August 1968, and two children were born of said marriage. Appellee filed for divorce in April 1993. At the time of

the divorce hearing (July 26, 1993) appellee was working at a job earning approximately $32,000. Appellee had been accepted to Capital University and was starting classes in September 1993. She was taking the classes to meet the minimum qualifications for the job she currently held. At the time of the divorce hearing, appellant was earning approximately $66,000.

After hearing testimony concerning the income and expenses of both parties, the referee hearing the matter recommended to the trial court that appellant be required to pay appellee $250 per week for spousal support, which was to terminate upon the first of the following events to occur: death of either party, remarriage by appellee, cohabitation by appellee with an adult male, or appellant's sixty-fifth birthday. After appellant filed objections to the referee's report arguing that appellee was not entitled to any spousal support because appellee did not need such support, the trial court issued its ruling and judgment entry. The trial court stated that it had reviewed the required factors as set forth in R.C. 3105.18 for determining the proper amount of spousal support and determined that appellant be required to pay appellee $600 a month in spousal support, said support terminating upon the first of the following events to occur: death of either party, remarriage by appellee, cohabitation by appellee with an adult male, or appellant's fifty-fifth birthday.

It is from this judgment entry that appellant asserts the following assignment of error.

### Assignment of Error

"The trial court erred to the prejudice of appellant and abused its discretion in awarding spousal support to a self-supporting spouse."

It is well established by Ohio case law that the trial court is vested with broad discretion in determining the amount of alimony to be awarded to a spouse. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83; *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. Further, a reviewing court must not substitute its judgment for the trial court's in the absence of evidence, considered in its totality, that the trial court abused its discretion. *Kunkle, supra.*

R.C. 3105.18(C)(1) sets forth several factors for a trial court to consider when it decides if a spouse should be awarded support and, if so, the amount to be awarded. Some of the factors to be considered are: the income of the parties; the parties' relative earning abilities; the ages and physical, mental, and emotional conditions of the parties; the retirement benefits of the parties; the duration of the marriage; the standard of living established during the marriage; the education of each party; the assets and liabilities of each party; the contribution of one party to the other party's education, training, or earning ability; the time

and expense necessary for the spouse seeking support to acquire education, training, or job experience; tax consequences; lost income production capacity of either party; and any other factor that a trial court finds to be relevant and equitable.

Appellant's argument on appeal focuses on the following trial court's statement in its judgment entry:

"Although [appellant]'s income is substantially more than [appellee]'s income, it is apparent that [appellee] is self-supporting and is capable of living well within her current income."

Appellant argues that because appellee is self-supporting, as determined by the trial court, she has no *need* for *any* spousal support, relying upon *Kunkle, supra.* We disagree with appellant's argument.

*Kunkle* relied upon previous case law which stated that spousal support be awarded when a trial court determines that it is needed and warranted. *Id.,* 51 Ohio St.3d at 68, 554 N.E.2d at 87. Thus, it stated that a trial court must first make a determination whether there is a need for spousal support based upon the facts and circumstances as presented to the trial court. *Id.* at 68–69, 554 N.E.2d at 87–88. It also noted that need is a "relative term," which may vary depending upon the situation presented to the trial court. *Id.* at 69, 554 N.E.2d at 88. The limitation based upon an award of spousal support by the Ohio Supreme Court is that the award not exceed a reasonable amount. *Id.* at paragraph three of the syllabus.

Appellant, relying upon *Kunkle,* would rather define "need" as a stagnant term, confined to that amount upon which a spouse could support herself with basic needs. However, as noted, the Ohio Supreme Court stated that "need" is a relative term, which will fluctuate depending upon the individuals involved in the situation.

Appellee herein could, at the time of the divorce hearing, support herself. However, as she stated at the hearing, she is planning on spending a great deal of money to give herself an education which will fulfill the minimum requirements of her present job. Such a degree will not be earned quickly, considering the fact that she is employed on a full-time basis. This is a factor for the trial court to consider, as dictated by R.C. 3105.18. Moreover, the trial court stated it considered all the factors listed in R.C. 3105.18(C)(1). Based upon our review of the trial court's judgment entry, the record in this case, and the factors listed in R.C. 3105.18, we cannot find that the trial court abused its discretion in awarding appellant $600 a month for spousal support.

For the above stated reasons, appellant's sole assignment of error is overruled and the judgment of the Marion County Court of Common Pleas is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and EVANS, JJ., concur.