OPINION
Alan Ward, defendant-appellant, appeals the December 18, 1998 judgment entry-decree of divorce of the Franklin County Common Pleas Court, Division of Domestic Relations, wherein the court granted a judgment of divorce and determined various issues, including property division, spousal support, and child support. Zelda Ward, plaintiff-appellee, has filed a contingent cross-appeal, dependent upon the outcome of appellant's assignments of error.
Appellant and appellee were married on June 20, 1982, and have two children: Siriah, born January 11, 1976, who is now emancipated, and Travis, born November 17, 1982. In June 1997, appellee filed a complaint for divorce against appellant. Pursuant to a temporary order, appellee was designated the temporary residential parent and received temporary child support and spousal support totaling approximately $3,900 per month. Appellant filed a motion to modify the temporary order on August 28, 1997.
On May 19, 1998, the parties filed an agreed entry of custody, which designated appellant as the residential parent of the parties' minor child and terminated appellant's obligation to pay child support as of March 1, 1998. Also filed with the May 19, 1998 agreed entry was the magistrate's order disposing of appellant's motion to modify the temporary order. While the magistrate did not order child support, both parties were ordered to make monthly payments on various debts, and appellant was ordered to pay spousal support in the amount of $1,000 per month. On June 5, 1998, appellant filed a motion to modify the magistrate's temporary orders filed on May 19, 1998.
A contested trial was conducted in August and September of 1998. On December 18, 1998, the trial court rendered a judgment entry-decree of divorce granting the parties a divorce. The court also determined the contested issues, wherein they divided certain bank accounts, investments, and debts, and acknowledged the parties' agreement that the marital home be sold. Appellant was to remain in the marital home pending its sale and pay the associated mortgage, taxes, utilities, and insurance on the home until it was sold. The court also divided the parties' personal property and retirement accounts.
In addition, the court addressed the issue of spousal support and made findings as to each of the factors in R.C.3105.18(C)(1). After discussing each of the factors, including the monthly expenses of each party, the court found:
 [W]hile Zelda may legitimately have a need for some spousal support to achieve the lifestyle the parties had attained at the end of their marriage, that at this time since Alan is saddled with the majority of the marital debt, he does not have the ability to pay spousal support. Therefore, the Court shall not order spousal support at this time but shall retain jurisdiction on the issue of spousal support until December 31, 2003. The Court notes in this decision that Zelda is paying no child support and thus receiving a large deviation of over $7,500.00 per year. Should the custody situation or child support situation with Travis change, the spousal support scenario, too, might need revision. Further, Alan may be able to discharge some of the loans, his income may increase and his expenses will be lower when the home sells.
 The Court therefore ORDERS neither party shall pay spousal support to the other. The Court shall retain jurisdiction on the issues of spousal support until December 31, 2003, for the reasons stated above.
With regard to the allocation of parental rights and responsibilities, the court adopted and incorporated the May 19, 1998 agreed entry of custody entered into by the parties, which designated appellant as the residential parent and legal custodian of Travis. Regarding child support, the trial court found:
 The attached child support WORKSHEET indicates child support calculated in accordance with the Ohio Child Support Guidelines would equal $626.37 per month, plus processing fee.
 The Court finds that said amount is inappropriate, unjust and not in the best interest of Travis. Zelda has numerous expenses and will be establishing a new home for herself and for Travis when he is with his mother. Alan has much higher income and the opportunity to live in the marital home until it sells which will probably take some time because the home's value far exceeds those in the surrounding neighborhood. The Court considered this deviation when it determined the issue of child support.
The trial court also overruled appellant's June 5, 1998 motion for Rule 75 reconsideration of the temporary orders. Appellant now appeals the trial court's judgment entry-decree of divorce, asserting the following three assignments of error:
Assignment of Error 1
 The trial court erred in reserving jurisdiction to make a future award of alimony where it found that none was warranted at the time of the divorce.
Assignment of Error 2
 The trial court erred in refusing to award child support and finding that it was in the best interest of the minor child not to award child support.
Assignment of Error 3
 The trial court erred in awarding temporary spousal support to the Plaintiff/Appellee and in overruling the Defendant/Appellant's motion filed June 5, 1998 for Rule 75 reconsideration of the temporary orders.
In his first assignment of error, appellant argues that the trial court erred in reserving jurisdiction to make an award of spousal support after it found that none was warranted at the time of the divorce. Trial courts have broad discretion to make spousal support and property awards, and an appellate court should not alter an award absent a finding that the trial court abused its discretion. Buckles v. Buckles (1988), 46 Ohio App.3d 102. An abuse of discretion is found when the trial court's determination was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. An appellate court may not substitute its judgment on factual or discretionary issues for that of the trial court absent an abuse of discretion. Poe v. Poe
(1995), 102 Ohio App.3d 581.
This is an issue of first impression for this court. We would also note at the outset that, in this particular case, the retention of jurisdiction for purposes of spousal support occurred as a result of a judicial decision and not by agreement of the parties. A review of relevant case law in other districts regarding this issue reveals there are conflicting opinions as to whether a trial court may retain jurisdiction for the potential award of spousal support in the future when no support was ordered at the time of the final decree. In Aylstock v. Bregenzer (June 29, 1994), Montgomery App. No. 14325, unreported, the Montgomery County Court of Appeals allowed the trial court to retain jurisdiction over spousal support even though it did not order any spousal support in the divorce decree. Several other courts of appeal have relied upon the holding of Alystock. See Gerrick v.Bender (Sept. 24, 1998), Cuyahoga App. No. 73835, unreported;Tomovcik v. Tomovcik (Jan. 22, 1997), Jefferson App. No. 95-JE-22, unreported; Harbert v. Harbert (Nov. 1, 1995), Greene App. No. 95-CA-41, unreported.
However, we find the circumstances in the present case more congruent with the facts and holding in Wolding v. Wolding
(1992), 82 Ohio App.3d 235, 239. In Wolding, the trial court did not order the husband to pay spousal support due to the current financial status of the parties; however, the trial court then went on to reserve jurisdiction on the issue of spousal support. The trial court in Wolding explained that it did not order current spousal support because the husband was unemployed at the time of the final decree and could not afford to pay spousal support. Upon appeal, the Logan County Court of Appeals stated:
 We find that the trial court does not have the authority to continue jurisdiction concerning the issue of alimony in this matter where it made a specific finding that alimony was not warranted. Its attempt to reserve such jurisdiction for future consideration is error. Id.
As the court in Wolding concluded, we also have failed to find anything within R.C. 3105.18(D) that authorizes a trial court to continue jurisdiction over the issue of spousal support after it has made a specific finding that spousal support would not be awarded at the time of divorce.
In Ressler v. Ressler (1985), 17 Ohio St.3d 17, 18, the Ohio Supreme Court held that "[spousal support] decrees should possess a degree of finality and certainty." We believe that divorce decrees, which render a specific finding that spousal support is not warranted at the time of the hearing, should also possess a degree of finality and certainty. In the present case, the trial court found, as in Wolding, that spousal support would not be awarded at the time of the hearing because of appellant's financial condition. Although the trial court found appellant's financial condition could change in the future due to bankruptcy proceedings or a change in child support or child custody, this rationale for reserving jurisdiction could apply to nearly all cases in which spousal support and child support are at issue. A finding that spousal support is not warranted at the time of the decree confers finality on that issue and should not be subject to the continuing jurisdiction of the court. As the Cuyahoga County Court of Appeals recognized:
 In order to provide stability, the law looks with favor on the principle of "finality of judgments." The reason for this principle is that persons must be able to rely on court rulings. If courts had continuing jurisdiction to modify all decrees, there would be confusion and uncertainty. Popovic v. Popovic (1975), 45 Ohio App.2d 57, 64; see, also, Bean v. Bean (1983), 14 Ohio App.3d 358, 361.
Appellee argues that Wolding is inapplicable to the present case because in Wolding the trial court found that spousal support was not warranted, and in the present case the trial court actually found that spousal support was warranted but that appellant did not have the present ability to pay spousal support. However, there is nothing in Wolding to indicate that the factual situation or the court's analysis was any different than that in the present case. The trial court in Wolding, as in the present case, indicated that it was not awarding spousal support due to the husband's current financial status.[1] In determining whether spousal support is appropriate and reasonable, R.C.3105.18(C)(1)(a) requires the court to consider the income of the parties, and subsection (i) requires that the court consider the liabilities of the parties, including court-ordered payments. Thus, in both Wolding and in the present case, the trial courts determined that spousal support was not warranted at the time of the decree based upon factors enumerated in R.C. 3105.18(C). Where a trial court finds that spousal support was warranted at the time of the decree, based upon these factors, it shall establish an amount of spousal support to begin at the time of the final decree, or at some definite point in the future, and the duration of such award. Accordingly, we find that the trial court abused its discretion in retaining jurisdiction over the issue of spousal support. Appellant's first assignment of error is sustained.
Appellant argues in his second assignment of error that the trial court erred in refusing to award child support and finding that it was in the best interest of the minor child not to award child support. In deviating from the child support guidelines set forth in R.C. 3113.215, a court may consider the specific factors supporting such a deviation set forth in R.C.3113.215(B)(3) to determine whether the amount calculated pursuant to the basic child support worksheet would be unjust or inappropriate and would not be in the best interest of the children. If the court finds the amount calculated pursuant to the guideline to be inappropriate, it must then determine the portion of the guideline amount that is unjust or inappropriate or not in the best interest of the children and make findings of fact supporting such determination. Heuer v. Heuer (June 8, 1993), Franklin App. No. 92AP-1512, unreported.
Clearly, a trial court has broad discretion in determining whether or not to deviate from the child support guidelines. Bowman v. Bowman (Nov. 21, 1996), Franklin App. No. 96APF02-229, unreported; Donaldson v. Donaldson (Jan. 30, 1997), Franklin App. No. 96APF06-766, unreported. Absent an abuse of discretion, this determination will not be disturbed on appeal.Id. Further, in setting the amount payable as child support, the overriding concern of the law is in the best interest of the children. Marker v. Grimm (1992), 65 Ohio St.3d 139, 141.
R.C. 3113.215(B)(3) lists the factors that may be considered by the trial court imposing a downward deviation from the computed child support under the guidelines. These factors include any special and unusual needs of the children; extraordinary obligations relative to other children not of the marriage; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; additional employment undertaken to support another family; financial resources and earning ability of the children; disparity in incomes of the parties; benefits conferred by living arrangements of the parties; taxes to be paid by each parent; in-kind contributions; the standard of living the children would have enjoyed but for the separation of the parties; physical and emotional needs of the children; educational needs and opportunities of the children; responsibility of each parent for support of another person; and any other relevant factor.
In the present case, the trial court based its downward deviation upon several factors that are specifically enumerated in R.C. 3113.215(B)(3). A court may consider the relative financial resources, other assets and resources, and needs of each parent pursuant to subsection (k). In the present case, the trial court found that appellee had numerous expenses and would need greater financial resources in order to establish a new home for herself and for Travis while he is living with her. A court may also consider the disparity in income between parties or households pursuant to subsection (g). With regard to this factor, the trial court found that appellant earns a substantially higher income, which is nearly fifty percent greater than appellee's. Further, pursuant to subsection (i), a court may consider the standard of living and circumstances of each parent. The trial court found in the present case that appellant would benefit financially from his opportunity to live in the marital home until it could be sold, which the court determined would probably take some time because the value of the home far exceeded other homes in the surrounding neighborhood. The trial court related each of these statutory factors to the needs of the parties' child and found that a deviation from the basic support schedule amount was appropriate. Therefore, we find no abuse of discretion. Appellant's second assignment of error is overruled.
Appellant argues in his third assignment of error that the trial court erred in awarding temporary spousal support to appellee and in overruling his motion for modification of the Civ.R. 75 temporary orders. Temporary support may be granted during the pendency of an action for divorce. R.C. 3105.18 states in part:
 (B) * * * During the pendency of any divorce, or legal separation proceeding, the court may award reasonable temporary spousal support to either party.
R.C. 3105.18 states only that an award of temporary support is to be "reasonable." The statute does not provide, nor have courts provided, a specific methodology in determining when an award of temporary spousal support is reasonable and how the amount of that award is to be decided. See Office v. Office (Jan. 17, 1997), Montgomery App. No. 15298, unreported.
However, courts have acknowledged that the purpose of temporary support is "to preserve the status quo during the proceeding." DiLacqua v. DiLacqua (1993), 88 Ohio App.3d 48, 54
(citing Kahn v. Kahn (1987), 42 Ohio App.3d 61, 68); Office,supra. Courts have also stated that the purpose of spousal support is to provide for the financial needs of a spouse. SeeMoell v. Moell (1994), 98 Ohio App.3d 748; Thomas v. Thomas
(1991), 76 Ohio App.3d 482, 485. An award of temporary spousal support is reviewed to determine whether the trial court abused its discretion. Gullia v. Gullia (1994), 93 Ohio App.3d 653, 665.
Because the purpose of temporary support is to maintain the status quo of the parties' economic positions, the fact that the spouse is employed and self-supporting does not necessarily preclude an award. Adams v. Adams (1994), 95 Ohio App.3d 419, 421. A party's "need" is relative to the particular individual involved and the facts and circumstances of the case. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 69. However, it is understood that the exact lifestyle a party enjoyed during the marriage need not be maintained. Equity at the very minimum requires that a party receive sufficient spousal support to afford him or her a reasonable standard of living and one that is in equivalent relation to the standard maintained prior to their separation.Buckles, supra.
Appellant argues that the original temporary order was only granted to allow appellee to pay the mortgage on the marital residence in which she was living at the time. Appellant claims that because appellee moved from the residence, the magistrate should not have ordered any further spousal support. Although paying the mortgage was certainly a factor in determining the amount of appellee's spousal support in the original temporary order, the original order and record fail to indicate that it was the sole reason. Further, in her May 19, 1998 order, the magistrate acknowledged that many changes in the financial status of the parties had taken place since the original order, and she specifically took into consideration that appellee had moved from the marital residence. The $1,000 in monthly spousal support ordered by the magistrate in her May 19, 1998 order was substantially less than the $2,500 per month ordered in the original temporary order. The magistrate clearly considered that appellee had moved from the marital residence in setting the modified temporary support.
Appellant also argues that appellee's affidavit, which she submitted to the magistrate for consideration in the modification of the temporary orders, contained many anticipated expenses that were not currently being incurred; specifically, expenses associated with buying and maintaining a new home. However, it is unclear whether the magistrate relied upon these amounts in establishing the second temporary spousal support amount. It is equally unclear whether the trial court considered these amounts in overruling appellant's motion to modify the temporary order. After reviewing the record and transcripts, we are unable to characterize the magistrate's award as an abuse of discretion, and we find the trial court did not abuse its discretion in overruling appellant's motion to modify the award of temporary spousal support. Appellant's third assignment of error is overruled.
Because we sustained appellant's first assignment of error, we must address appellee's contingent cross-appeal. Appellee requests that if this court finds the trial court erred in retaining jurisdiction regarding spousal support because it failed to establish a current spousal support award, we should remand the issue back to the trial court so that it may order a deminimis amount of spousal support. Although appellee asserts the trial court has already established that spousal support was warranted, we disagree. The trial court clearly found that spousal support was not warranted at the time of the decree due to the husband's employment situation and possible bankruptcy proceedings. As we found above, the trial court does not have the authority to continue jurisdiction concerning the issue of spousal support where it failed to make an award for spousal support. Because the court did not make an award for spousal support, it lost jurisdiction over the matter. Therefore, we overrule appellee's request to remand the issue of spousal support. Appellee's request that the trial court also consider attorney's fees upon remand is moot. Therefore, appellee's contingent cross-assignments of error are overruled.
Accordingly, we sustain appellant's first assignment of error and overrule his second and third assignments of error, and we overrule appellee's cross-assignments of error. The December 18, 1998 judgement of the Franklin County Court of Common Pleas, Division of Domestic Relations is affirmed in part; however, finding error in the portion of the judgment that reserved jurisdiction concerning spousal support, we reverse and remand for modification of the final judgment to remove the language retaining jurisdiction.
Affirmed in part; reversed in part; cause remanded withinstructions.
 _____________________________ JUDGE BROWN
DESHLER, J., concurs.
McCORMAC, J., concurs in part and dissents in part.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] We note that although appellee contends that the trial court would have ordered spousal support but for appellant's current inability to pay, the language in the divorce decree does not specifically state this. The trial court indicated that "Zeldamay legitimately have a need for some spousal support to achieve the lifestyle the parties had attained at the end of the marriage * * *." (Emphasis added.) Further, the trial court noted previously in the decree that the lifestyle the parties attempted to lead at the end of their marriage was extravagant and obviously incapable of being sustained by their current incomes.