OPINION
On September 5, 1987, appellant, Julie Long, and appellee, Michael Long, were married. Two children were born as issue of said marriage, Michael born July 11, 1988 and Marissa born September 17, 1990. On November 3, 1998, appellant filed a complaint for divorce. Prior to final hearing, the parties resolved all issues pursuant to a separation agreement. The parties agreed there would be no exchange of spousal support however, appellee wanted the trial court to retain jurisdiction over the issue of future spousal support. This issue was tried to the trial court on November 3, 1999. By final decree of divorce filed November 18, 1999, the trial court granted the divorce and retained jurisdiction over the issue of future spousal support. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN RETAINING JURISDICTION TO AFFECT FUTURE SPOUSAL SUPPORT WHEN THE PARTIES AND THE TRIAL COURT AGREED THAT THERE WAS NO BASIS FOR AN AWARD OF SPOUSAL SUPPORT AT THE TIME OF THE DIVORCE.
 II. THE TRIAL COURT ERRED IN RETAINING JURISDICTION TO AFFECT FUTURE SPOUSAL SUPPORT BETWEEN THE PARTIES WITHOUT LIMITING THE DURATION OF THAT AUTHORITY.
 I
Appellant claims the trial court erred in retaining jurisdiction over spousal support when none was awarded at the time of the divorce. We agree. In the separation agreement incorporated into the final divorce decree, the parties agreed to the following at No. 12:
SPOUSAL SUPPORT
The parties agree that there shall be no exchange of spousal support from either party, at this time, but the issue of whether or not the Court shall retain jurisdiction over the issue of spousal support shall be submitted to the Court at the final hearing.
At the final hearing, the trial court heard evidence on appellee's medical problems. Thereafter, in the final decree of divorce filed November 18, 1999, the trial court held the following: The Court having considered all of the statutory factors regarding spousal support finds the Defendant has medical problems which to date have not affected his earning ability but certainly could in the future. This type of medical prognostication is uncertain as to both parties in any case. Defendant doesn't see doctors indicating they can't be trusted. The most salient factor, the Court finds, is the duration of the marriage, which the Court finds to be from September 5, 1987 to November 3, 1999, which is the date of the Final Decree of Divorce. Therefore, based on all of the factors considered, the Court does reserve jurisdiction to affect the future spousal support issue as may be then appropriate under the circumstances to benefit either party.
Appellant argues it is improper for a trial court to retain jurisdiction over the issue of spousal support when no award of spousal support is made at the time of the final hearing. We note a review of the relevant case law in other districts regarding this issue reveals conflicting opinions. Several courts have allowed continued jurisdiction over spousal support even though none was awarded in the divorce decree. See, Tomovcik v. Tomovcik (January 22, 1997), Jefferson App. No. 95-JE-22, unreported; Harbert v. Harbert (November 1, 1995), Greene App. No. 95-CA-41, unreported; Aylstock v. Bregenzer (June 29, 1994), Montgomery App. No. 14325, unreported. However, this court, in Reed v. Reed (May 20, 1994), Licking App. No. 93-CA-137, unreported, held the trial court could not retain jurisdiction over spousal support in a subsequent contempt judgment "after specifically finding in the divorce judgment that alimony was not appropriate." In support, this court cited the case of Wording v. Wording (1992), 82 Ohio App.3d 235, wherein our brethren from the Third District held the following at 239: We find that the trial court does not have the authority to continue jurisdiction concerning the issue of alimony in this matter where it made a specific finding that alimony was not warranted. Its attempt to reserve such jurisdiction for future consideration is error.
The Wording court noted that the Supreme Court of Ohio has held that `alimony decrees should possess a degree of finality and certainty.' Id. quoting Ressler v. Ressler (1985), 17 Ohio St.3d 17,18. R.C. 3105.18 governs spousal support. Subsection (E) specifically provides for the continued jurisdiction of the trial court in matters of spousal support as follows: * * * if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
 (2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
We note the statute is written in the conditional, "if a continuing order for periodic payments of money as spousal support is entered * * *." By using the conditional "if", we find the plain meaning of the statute states jurisdiction cannot continue if there is no "continuing order" for spousal support. Upon review, we conclude the trial court erred in retaining jurisdiction over spousal support when none had been awarded. We hereby delete the order for continuing jurisdiction from the final decree of divorce. Assignment of Error I is granted.
 II
Based upon our decision in Assignment of Error I, this assignment of error is moot. The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is amended to delete the order for continuing jurisdiction over spousal support
 ______________________ Farmer, J.
By Hoffman, P.J. and Edwards, J. concur.