OPINION *Page 2 
{¶ 1} This matter is on appeal from the trial court's valuation and distribution of marital assets in a divorce proceeding.
 STATEMENTS OF FACTS AND CASE {¶ 2} The facts pertinent to this appeal are as follows:
 {¶ 3} The parties were married on July 13, 1968, and separated on June 2, 2003. At the time of the separation, their two children were emancipated. On October 25, 2004, appellee, Russell Crim, filed a complaint for divorce against appellant, Susan Crim. The parties agreed that they were incompatible but did not agree to any valuation or distribution of their marital assets.
 {¶ 4} The divorce proceeded to trial before a magistrate on three separate hearing dates: October 31, 2005, January 5, 2006, and January 20, 2006. At the time of the divorce hearings, appellant was fifty-nine (59) years of age and appellee was sixty-one (61) years of age. The parties had been married for approximately thirty-seven (37) years. During the hearings, and pertinent to this appeal, the parties testified to the value of the marital residence and a twenty-seven (27) acre parcel of property. The parties also introduced a joint exhibit which set forth the future Social Security benefits of each party.
 {¶ 5} The testimony established that the marital residence was purchased by the parties in 1974 for approximately Twenty-Nine Thousand Dollars ($29,000.00). Appellant testified that she believed that the current value of the marital property was One Hundred and Nine Thousand Dollars, ($109,000.00). T.14 and 187. She stated that the house required a lot of repairs, that there was mold on the basement walls and that *Page 3 
the sinks, water heater and bathroom floor needed to be replaced. T.188. Appellee testified that he believed the home was worth approximately One Hundred and Ten Thousand Dollars ($110,000.00).
 {¶ 6} On cross-examination, the appellant testified that she hired realtor, Dawn Leone, to appraise the house and/or perform a neighborhood comparison. She admitted that, in order to perform the appraisal, appellant disclosed to the realtor the condition of the house. Based on the appellant's disclosures and the neighborhood comparisons, appellant testified that the house was appraised by the realtor as having a value of One Hundred and Thirty-Five Thousand Dollars ($135,000.00). T. 15, 187, and 254.
 {¶ 7} The parties also testified that they owned a twenty-seven (27) acre farm with a pole barn and a coal lease. The twenty-seven acres was originally part of the "Crim family real estate." The parties purchased the property from the estate of appellee's aunt, Olive Branch Smith, for Ten Thousand and Eight Hundred Dollars ($10,800.00) in 1982. T.82. Appellee testified that he valued the property at Twenty-Five Thousand Dollars ($25,000.00). He stated that he came to this determination because the property has no water source and was being actively mined and could not be developed. T.82, 164, 171.
 {¶ 8} An appraisal, which was introduced into evidence by appellee, valued the 27 acre farm as being worth One Hundred and Twenty-Six Thousand Four Hundred Dollars, ($126,400.00) with approximately Sixty-Two Thousand Dollars ($62,000.00) of the appraisal being the estimated value of the mineable coal. T. 163.
 {¶ 9} The coal lease on the 27 acres was executed in the names of appellant, appellee and appellee's four relatives ("his sister Nova and her husband and his brother *Page 4 
Bill and his wife"). According to the agreement, each of the six individuals whose names are on the lease, get an equal share of coal mining profits. T. 16-17, 26.[1]
 {¶ 10} The parties also admitted into evidence the reports of Pension Evaluators with regard to the respective Social Security benefits.
 {¶ 11} During closing arguments, appellant's counsel stated, "[t]he Social Security Evaluation I did not include in any of my argument and it should not and can not be divided, but that amount, ah, that Mr. Crim will anticipate, the valuation, the present valuation was Two Hundred Twenty-One Thousand Nine Hundred and Forty Seven Dollars and Ninety-Six Cents ($221,947.96), and I do not calculate any further comments here." T. 277. Appellee's counsel responded by stating, "social security should not be included." T. 281. He argued that if the appellee died tomorrow, his estate would not include social security. T. 281.
 {¶ 12} After the presentation of evidence, a magistrate's decision was issued on April 12, 2006. In the decision, the magistrate made the following findings pertinent to this appeal:
 {¶ 13} "4. The parties purchased real estate jointly in 1974. Susan Crim estimates the fair market value at One Hundred Nine Thousand Dollars ($109,000.00).
 {¶ 14} "6. The parties also own a twenty-seven (27) acre farm. Russell Crim and his brother and sister own fifty-seven (57) acres of land. Of this amount, Russell Crim and Susan Crim own a one-third (1/3) interest. Russell Crim inherited one-sixth (1/6) *Page 5 
interest and he and Susan Crim purchased a one-sixth (1/6) interest to total a one-third (1/3) interest.
 {¶ 15} "13. The vacant real estate owned by the parties has no easily accessible water source. Therefore the land is not suitable for development.
 {¶ 16} "37(d) * * * The total present value as of 5/9/2005 of Russell Crim's Social Security benefits is Two Hundred Thirty-Three Thousand Two Hundred Seven Dollars and Seventy-One Cents ($233,207.71) of which Two Hundred and Fifteen Thousand Two Hundred Eighteen Dollars and Sixty One Cents ($215,218.61) is marital. The total present value as of 5/9/2005 of Susan Crim's Social Security benefits is Forty-Seven Thousand Eight Hundred Eighteen Dollars and Sixty-Four Cents ($47,818.64) of which Fifteen Thousand Six Hundred Dollars and Forty Eight Cents ($15,600.48) is marital. Joint Exhibit 3."[2]
 {¶ 17} The magistrate recommended in pertinent part that "Susan Crim should receive one-half (1/2) value of the marital portion of the division of retirement plans from employment through a QDRO", and that the dates of the marriage for purposes of the division of the retirement plans was July 13, 1968, through January 20, 2006. The magistrate also recommended that appellant be awarded the marital residence and that appellee be awarded the twenty-seven (27) acre farm. While the division of marital property recommended by the magistrate was unequal with appellant receiving more than fifty percent, the magistrate did not state any reason for the inequality. The *Page 6 
magistrate did not indicate specifically that the property division was based on the difference in the parties' Social Security benefits. But the only finding of fact made by the magistrate which would provide an explanation for the unequal division of marital property was the finding of fact regarding the present value of each party's Social Security benefits. This finding indicated that appellee's Social Security benefits were significantly higher in present value.
 {¶ 18} On April 25, 2006, appellee filed an objection to the magistrate's decision. Appellee objected to the magistrate's valuation of the marital residence at One Hundred and Nine Thousand Dollars ($109,000.00) rather than One Hundred and Thirty Five Thousand Dollars ($135,000.00), i.e. the appraised value.
 {¶ 19} Appellee also argued that the property division was unequal because it permitted appellant to retain assets valued at One Hundred and Seventeen Thousand Dollars ($117,00.00) while only awarding appellee assets valued at Forty Thousand Dollars ($40,000.00). Appellee argued that the inequitable distributions were not supported by the record and were not explained in the findings of fact and conclusions of law.
 {¶ 20} On May 2, 2006, appellant filed a counter objection to the magistrate's decision. In the counter objection, appellant objected to the magistrate's spousal support and health benefits recommendation, the determination that each party should pay their own attorney's fees and the distribution of appellee's pension benefit of approximately Sixty-Six Thousand Dollars ($66,000.00).
 {¶ 21} On September 5, 2006, appellant filed a response to appellee's objections and a supplement to her counter objection. Appellant addressed appellee's objection *Page 7 
regarding the unequal distribution of property, i.e. $117,000.00 versus $40,000.00. Appellant argued that the unequal distribution was equitable based upon the magistrate's findings. Specifically, the appellant pointed out that the magistrate addressed the value of the Social Security benefits of both parties. The approximate difference in projected Social Security benefits was One Hundred and Ninety-Nine Thousand Six-Hundred Eighteen Dollars ($199,618.00). Appellant argued that the Social Security benefits, when considered in the totality of the circumstances, justified an unequal distribution of marital assets and the distribution was equitable.
 {¶ 22} On December 20, 2006, the trial court issued a judgment. In the judgment, the trial court approved and adopted the magistrate's decision with several exceptions. The exceptions pertinent to this appeal are the trial court's modification of the value of the marital residence to One Hundred and Thirty-Five Thousand Dollars ($135,000.00) and the distribution of appellee's 401K valued at One Hundred and Eighty-Eight Thousand Nine Hundred and Sixteen Dollars ($188,916.00). The trial court distributed the 401K as follows: $10,000.00 to appellee to repay his premarital investment in the marital real estate; $67,500.00 to offset appellee's share of the marital real estate (previously given in total to appellant); $35,451.08 to appellee to equalize the retirement accounts and the remainder to be divided equally. (Judgment Entry filed 12/20/06, paragraph 3.) Absent any objection, the trial court also adopted and incorporated the magistrate's findings regarding retirement benefits and the valuation of the twenty-seven acre farm at Twenty-Five Thousand Dollars ($25,000.00). Finally, the court ordered that an appraisal was to be performed to provide a valuation of the fifty-seven (57) acre lot which had not been valued during the prior hearings. The court stated that *Page 8 
the value of the one-third (1/3) interest of the parties in the fifty-seven (57) acre lot would then be determined by the court pursuant to the appraisal and a supplemental award would be made.
 {¶ 23} On January 11, 2007, appellant filed a motion for relief from the judgment and motion for a new trial. In the motion, appellant objected to the trial court's valuation of the marital residence at One Hundred and Thirty-Five Thousand Dollars ($135,000.00) and to the trial court's failure to recognize the written appraised value of One Hundred and Twenty-Six Thousand Dollars ($126,000.00) for the Twenty-Seven (27) acre farm. Appellant's argument additionally included an analysis of the overall inequity due to the new evaluations and the trial court's failure to include Social Security benefits in the distribution of marital property. Appellant argued that, as a result of these errors, the trial court awarded excessive property to the appellee.
 {¶ 24} On January 22, 2007, appellee filed a response to appellant's Civ. R. 59 and Civ. R. 60 motions and also filed Civ. R. 59 and Civ. R. 60 motions of his own. In pertinent part, appellee argued that the trial court did not abuse its discretion in changing the property valuations for the marital residence and the 27 acre tract. Appellee argued the court properly relied on the evidence to support the change. Appellee further argued that the trial court miscalculated the deductions from the 401K.
 {¶ 25} On February 21, 2007, the trial court conducted an oral hearing on appellant's and appellee's motions for relief from judgment and for new trial. By judgment entry filed on February 21, 2007, the trial court denied appellant's motions and granted appellee's motions. In the judgment entry, the trial court further ordered the *Page 9 
appellee to prepare a proposed judgment entry consistent with the court's findings and conclusions. No transcript of the oral hearing was provided to this Court for review.
 {¶ 26} On February 28, 2007, the trial court, pursuant to the guidelines of the judgment issued on February 21, 2007, reopened and modified the December 20, 2006, judgment. Specifically, the trial court re-calculated the division of the 401K pursuant to appellee's argument. The trial court concluded by stating, "[b]ased on this division of the 401K investment and the other stated retirement accounts and real property division, neither party shall pay the other any amount as this above division demonstrates that equity has been done and each party has been treated fairly to receive a nearly equal division." The court further stated, "[t]his court will separately rule on the division of each party's interest in the fifty-seven acre parcel which now has been appraised."
 {¶ 27} On March 1, 2007, the court by judgment entry notified the parties that an appraisal of the fifty-seven (57) acres had been filed.
 {¶ 28} On April 27, 2007, the trial court supplemented the judgment entry issued on December 20, 2006, with the monetary interest of the parties in the fifty-seven (57) acres of real estate. The order stated that it was final and appealable and that there was no just reason for delay.
 {¶ 29} On May 7, 2007, the trial court issued a nunc pro tunc entry. The nunc pro tunc entry added the following language: "This Judgment Entry Nunc Pro Tunc is entered for the purpose of declaring that all prior Judgments issued by this Court in this case are incorporated in this Judgment Entry by reference. *Page 10 
 {¶ 30} Essentially, the trial court's final order granted each party one-half of the marital property instead of the unequal division of marital property recommended by the Magistrate.
 {¶ 31} On June 1, 2007, appellant filed a notice of appeal from the trial court's May 7, 2007, nunc pro tunc entry, setting forth the following assignments of error:
 {¶ 32} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN THE VALUATION OF THE MARITAL HOME AND 27 ACRE TRACT RESULTING IN PREJUDICE TO THE APPELLANT SUSAN Y. CRIM AND A WINDFALL PROFIT TO APPELLANT RUSSELL CRIM.
 {¶ 33} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO MAKE AN EQUITABLE DIVISION OF MARITAL PROPERTY AND IN FAILING TO CONSIDER THE SOCIAL SECURITY BENEFITS IN THE TOTALITY OF THE AWARD."
 I {¶ 34} In the first assignment of error, the appellant argues that the trial court abused its discretion in the valuation of the marital residence and of the twenty-seven (27) acre farm.
 {¶ 35} In making an equitable division of property, a trial court must first determine the value of marital assets. Hightower v.Hightower, Franklin App. No. 02AP-37, 2002-Ohio-5488, at paragraph 22. An appellate court will uphold a trial court's determination of valuation which is based upon competent, credible evidence absent a showing of an abuse of discretion. Moro v. Moro (1990),68 Ohio App.3d 630, 637, 589 N.E.2d 416. *Page 11 
 {¶ 36} R.C. 3105.171, which governs property distribution, expresses no specific way for the trial court to determine valuation. Focke v.Focke (1992), 83 Ohio App.3d 552, 555, 615 N.E.2d 327. An appellate court's duty is not to require the adoption of any particular method of valuation, but to determine whether, based upon all the relevant facts and circumstances, the court abused its discretion in arriving at a value. James v. James (1995), 101 Ohio App.3d 668, 680, 656 N.E.2d 399. A trial court must have a rational, evidentiary basis for assigning value to marital property. McCoy v. McCoy (1993), 91 Ohio App.3d 570,576-578, 632 N.E.2d 1358.
 {¶ 37} In this case, there were several different valuations presented to the trial court for the valuation of the marital residence and the twenty-seven (27) acre farm. Appellant argues that, because she and the appellee testified during the hearings that the residence was worth approximately One Hundred and Nine to One Hundred and Ten Thousand Dollars, the trial court was required to accept this valuation as the best evidence of value. Appellant further argues that the testimony of the parties acts as the stipulation to a fact at issue, citingWolding v. Wolding (1992), 82 Ohio App. 3d 235, 611 N.E.2d 860 andPeters Motors, Inc. v. Rodgers (1954), 161 Ohio St. 480, 120 N.E. 80. However, Wolding and Peters Motors do not stand for the proposition that if the parties' testimony is similar, the court is bound to accept a particular valuation. Furthermore, the trial court was presented with credible testimony that a real estate agent, who was advised by the appellant about the condition of the marital residence and performed a neighborhood comparison, valued the residence as being worth One Hundred and Thirty-Five Thousand Dollars ($135,000.00). *Page 12 
 {¶ 38} Appellant also argues that her written appraisal of the twenty-seven (27) acre farm as being worth One Hundred and Twenty-Six Thousand Dollars was the best evidence of valuation. However, the testimony established that this written appraisal also included a Sixty-Two Thousand Dollar ($62,000.00) value for the mineable coal that had been included in the trial court's distribution of the coal proceeds. Also, appellant and his brother testified that the 27 acre farm did not have a potable water source and was not capable of being developed. There was conflicting evidence regarding the value of the property. However, the trial court could reasonably rely on the appellee's testimony to determine that the value of the 27 acre farm was Twenty-Five Thousand Dollars ($25,000.00).
 {¶ 39} For these reasons, we find that the trial court did not abuse its discretion in the valuation of the marital residence and the twenty-seven (27) acre parcel of property. Accordingly, appellant's first assignment of error is not well taken and is hereby overruled.
 II {¶ 40} In the second assignment of error, appellant argues that the trial court abused its discretion by failing to take into account appellee's Social Security benefits and created an inequitable distribution of marital property.
 {¶ 41} Appellee argues that the appellant has waived this assignment of error by failing to object to the magistrate's decision. We disagree. From the record, it appears the magistrate considered the parties' Social Security benefits in making an unequal distribution of marital property. Additionally, since the magistrate's decision, which included the consideration of Social Security benefits, was in appellant's favor, there *Page 13 
was no reason for appellant to object. Furthermore, in the September 5, 2006, supplemental response to appellee's objections to the magistrate's decision, appellant argued that the consideration of Social Security benefits by the magistrate justified the unequal yet equitable distribution of marital property with a greater value of marital property being awarded to appellant. Therefore, the appellant did make her argument known to the trial court prior to its making a ruling on the objections.
 {¶ 42} We shall next consider the merits of appellant's argument. Appellant argues that the trial court abused its discretion in failing to consider the totality of the circumstances. Specifically, appellant argues that the trial court failed to consider the difference in the value of the parties' Social Security benefits in reaching its order regarding division of property, thereby causing an inequitable, though nearly equal, distribution of marital assets. Appellant argues that the failure to factor in appellee's Social Security benefits was an abuse of discretion.
 {¶ 43} Generally, our standard of reviewing a decision of a domestic relations court is an abuse of discretion standard. Booth v. Booth
(1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. The Supreme Court has defined "abuse of discretion" as a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 44} To determine whether the trial court abused its discretion in failing to consider the Social Security benefits in making the property distribution, we must first take a closer look at the nature of Social Security benefits. The Social Security Act (Section 407(a) Title 42 U.S. Code) protects Social Security benefits from execution levy, attachment, garnishment or other legal processes, Hisquierdo v.Hisquierdo, (1979) *Page 14 439 U.S. 572, 99 S.Ct. 802 59 L.Ed.2d 1. The United States Supreme Court has construed similar statutory language relative to other retirement benefits to mean that the benefits may not be divided in a divorce proceeding. See, e.g., Hisquierdo v. Hisquierdo (1979), 439 U.S. 572,99 S.Ct. 802, 59 L.Ed.2d 1 (railroad retirement benefits); McCarty v.McCarty (1981), 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (military retirement pay); Mansell v. Mansell (1989), 490 U.S. 581,109 S.Ct. 2023, 104 L.Ed.2d 675 (military disability benefits). "The crux of these decisions is that federal law, which prohibits the division of these assets, prevails over state law, based upon the Supremacy Clause of the United States Constitution, Clause 2, Article VI, United States Constitution. In other words, federal law preempts state law that would authorize distribution of these benefits." Neville v. Neville,99 Ohio St.3d 275, 2003-Ohio-3624, 791 N.E.2d 434.
 {¶ 45} In Neville v. Neville, the Ohio Supreme Court held that "in making an equitable distribution of marital property in a divorce proceeding a trial court may consider the parties' future Social Security benefits in relation to all marital assets." Id. at paragraph three of syllabus. "The determination as to the inclusion or exclusion of Social Security benefits is admittedly discretionary," Lawson v.Lawson, Coshocton App. No. 05CA15, 2006-Ohio-6890.
 {¶ 46} In this case, the parties admitted a joint exhibit setting forth each party's Social Security benefits. No additional testimony was presented. In closing, appellee's counsel urged the magistrate not to include Social Security benefits in the property division because the benefits are prospective and speculative. However, the record suggests that the magistrate considered the value of each party's Social Security benefits in making a final recommendation to the judge. In response to appellee's *Page 15 
objection to the magistrate's decision, appellant argued that the magistrate's unequal distribution of property was equitable in light of the difference between the parties' retirement benefits. The trial court considered the arguments of counsel and, it appears, chose not to consider the Social Security benefits in the property distribution.
 {¶ 47} We find the trial court did not abuse its discretion in failing to consider the disparate Social Security benefits of the parties when dividing the marital assets. In Neville, the Ohio Supreme Court clearly stated "a trial court may consider" the benefits in rendering a decision leaving the consideration of the same discretionary.
 {¶ 48} Accordingly, appellant's second assignment of error is overruled.
 {¶ 49} The judgment of the Tuscarawas County Court of Common Pleas is hereby affirmed.
Hoffman, P.J., Gwin, J. concurs, Edwards, J. concurs in part and dissents in part *Page 18 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is hereby affirmed. Costs to Appellant.
[1] The coal lease was for four hundred and sixty-six thousand six hundred sixty seven tons (466,667) tons of mineable and marketable coal. T. 19. The mortgage note for the lease with Holmes Limestone Company was in the amount of three hundred thousand dollars ($300,000.00) payable at a rate of thirty thousand dollars ($30,000.00) per year. T. 51-52.
[2] The Magistrate mistakenly references Joint Exhibit 3, but Joint Exhibit 1 contains the Social Security valuations. In addition, the Social Security valuations used by the Magistrate are based on a projected benefit calculation. Projected benefit calculations are done using a conservative projection of future covered wages. (See Joint Exhibit 3, p. 3). *Page 16