DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Pike County Court of Common Pleas, which granted a divorce to Plaintiff-Appellant Stella Montgomery and Defendant-Appellee Kevin Montgomery. Appellant asserts that the trial court's division of assets was inequitable, that the trial court erred by failing to award her spousal support, and that the trial court erred in retaining jurisdiction over the issue of spousal support.
 {¶ 2} For the reasons that follow, we disagree with appellant's first and second arguments. However, we find that appellant's third argument has merit and we modify the judgment accordingly.
 Proceedings Below {¶ 3} On May 21, 1988, Plaintiff-Appellant Stella Montgomery and Defendant-Appellee Kevin Montgomery were married, and two minor children were born of the marriage. The parties separated in March 2001, and appellant filed for divorce in April 2001.
 {¶ 4} Appellant asserted in her complaint for divorce that she and appellee were incompatible. Appellee filed his answer and asserted a counter-claim for divorce, also claiming that he and appellant were incompatible. Both parties asserted that there was marital property that required division by the court.
 {¶ 5} Eventually, the trial court conducted a final hearing in this case. Testimony regarding the parties' property was presented at this hearing. The disposition of certain real property located at 61 Maple Street, Waverly, Ohio (Maple Street property) was mainly at issue. The parties agreed that the value of the Maple Street property was $90,000.
 {¶ 6} Evidently, the Maple Street property had been jointly owned by appellant's parents. When appellant's father passed away in 1974, appellant inherited a 1/30 interest in the property. Appellant's mother inherited a 1/6 interest to be added to the 1/2 interest she already owned, and appellant's nine siblings each inherited a 1/30 interest in the property. Over time, appellant's mother obtained a 29/30 interest in the Maple Street property (all but appellant's interest), free and clear of any mortgage. Appellant and appellee, however, twice mortgaged the entire property, with appellant's mother's consent, to secure financing totaled at $37,400.
 {¶ 7} In 1992, appellant's mother deeded the Maple Street property to appellant and records show that $29,700 was given in consideration for the property. However, at the final hearing, appellant's mother testified that she never received any money for the property and that it was a gift from her to her daughter. Over the next five years, the parties mortgaged the property four more times, obtaining loans totaling $147,000. Then, in 1998, appellant transferred the Maple Street property to herself and appellee to be jointly held with rights of survivorship. Again, the parties mortgaged the property and their marital residence, obtaining a loan of $140,000.
 {¶ 8} In February 2002, the trial court issued its final judgment, granting a divorce to the parties. The trial court named appellant the residential parent to the two minor children and granted visitation to appellee in accordance with the court's visitation schedule. The trial court ordered appellee to pay child support in the amount of $1,104.36 per month.
 {¶ 9} Regarding the parties' real property, the trial court found that the Maple Street property was a marital asset, but awarded it and the marital residence to appellant. Regarding, appellant's pre-marriage 1/30 inherited interest in the property, the trial court found that appellant failed to prove the value of that interest. In total, the trial court awarded appellant marital property, including the Maple Street property and marital residence, valued at $188,000, and ordered that she pay $75,000 of marital debts. Appellee was awarded marital assets valued at $90,126 and ordered to pay marital debts totaling $55,195. In order to render the asset division more equitable, the trial court also ordered that upon the sale of either parcel of real property or when the parties' youngest child attains 18 years of age, whichever occurs first, appellant is to pay appellee $25,000. Finally, the trial court did not award appellant spousal support, but held that its finding regarding spousal support was "subject to the continuing jurisdiction of this Court."
 The Appeal {¶ 10} Appellant timely filed her notice of appeal and presents the following assignments of error for review.
 {¶ 11} First Assignment of Error: "The trial court erred in its division of assets as such was inequitable and against the manifest weight of the evidence."
 {¶ 12} Second Assignment of Error: "The trial court erred in failing to award spousal support."
 {¶ 13} Third Assignment of Error: "The trial court erred in its attempt to retain jurisdiction over the issue of spousal support."
 I. Division of Assets {¶ 14} In her First Assignment of Error, appellant asserts three arguments. First, appellant argues that the trial court's distribution of property was generally inequitable considering the status of the parties. Second, appellant asserts that the trial court erred by not awarding appellant her inherited interest in the Maple Street property, or the value of that interest, as separate property. Third, appellant argues that the trial court erred by finding that the Maple Street property was a marital asset. We will address the second and third arguments conjointly.
 A. Standard of Review {¶ 15} "Courts must distribute and allocate both marital debt and marital property under R.C. 3105.171(F). Samples v. Samples, Washington App. No. 02CA21, 2002-Ohio-5441, at ¶ 22. Trial courts are required to divide marital property equitably between the spouses. R.C. 3105.171(B). This requires the court, in most cases, to divide the marital property equally. R.C. 3105.171(C)(1). However, if an equal division would produce an inequitable result, the trial court is only required to divide the property equitably. Id. Since the trial court possesses a great deal of discretion in attaining an equitable distribution, we will not reverse the court's division of property absent an abuse of discretion. SeeHolcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597." Brownv. Brown, Pike App. No. 02CA689, 2003-Ohio-304; see, also, Wylie v.Wylie (June 4, 1996), Lawrence App. No. 95CA18; Parker v. Parker (June 8, 2000), Scioto App. No. 98CA2628. An abuse of discretion connotes more than a mere error of law or judgment; it suggests an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. See id.; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 16} However, before a trial court may divide marital property, it must first determine what constitutes marital property and what constitutes separate property. See R.C. 3105.171(B); Parker and Wylie, supra. Although the propriety of a property division is generally reviewed under an abuse of discretion standard, the characterization of property as separate or marital is reviewed pursuant to a manifest weight of the evidence standard. See James v. James (1995), 101 Ohio App.3d 668,684, 656 N.E.2d 399, citing Roberts v. Roberts (Feb. 18, 1993), Highland App. No. 92CA800; see, also, Wylie, supra. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. See Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 79, 461 N.E.2d 1273, citing C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. "This standard of review is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent a reversal. A reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony."Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989, citing In re Jane Doe I (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.
 A. Maple Street Property: Marital v. Separate Property {¶ 17} R.C. 3105.171(A) provides in pertinent part: "(3)(a) `Marital property' means, subject to division (A)(3)(b) of this section, all of the following: (i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage; (ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage." However, "marital property" does not include any separate property. See R.C. 3105.171(A)(3)(b).
 {¶ 18} "Separate property" includes, among other things: (1) "[a]n inheritance by one spouse by bequest, devise, or descent during the course of the marriage;" and (2) "[a]ny gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6)(a)(i) and (vii). Furthermore, "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). In addition, a trial court "shall disburse a spouse's separate property to that spouse. If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse." R.C. 3105.171(D).
 {¶ 19} As we have already noted, appellant asserts that the trial court's judgment that the Maple Street property was marital property was against the manifest weight of the evidence. However, we note that the transcript filed with the record in this case is incomplete. Specifically, the transcript does not contain the direct examination of appellant, and no statement pursuant to App.R. 9(C) or (D) has been filed.[1] Appellant's testimony is relevant to the determination of whether the trial court's finding that the Maple Street property was a marital asset and not separate property was against the manifest weight of the evidence. The relevance of appellant's testimony on direct examination is especially apparent when considering the following factors: 1) appellant's mother permitted the parties to mortgage the property to pay marital debts when appellant's mother owned a 29/30 interest in the property; 2) the parties mortgaged the property on multiple occasions when title was in appellant's name, using the proceeds for marital purposes; and 3) appellant transferred the property from herself to both appellee and herself jointly, with rights of survivorship.
 {¶ 20} Appellant bears the burden of providing an adequate record on appeal, including a transcript of the proceedings. See App.R. 9(B). "A transcript of all evidence relevant to challenged findings or conclusions is necessary when the appellant contends: (1) they are contrary to the weight of the evidence, or (2) they are unsupported by the evidence. Appellant has the burden of providing a record by transcript or otherwise which exemplifies the claimed error." (Emphasis added.) Tyrrell v.Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, 474 N.E.2d 621, paragraph two of the syllabus; see, also, Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 400 N.E.2d 384. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." See id. at 199; see, also, Kao v. AFC Corp. (Nov. 7, 2001), Athens App. No. 01CA1.
 {¶ 21} Accordingly, we must presume that the trial court's proceedings regarding the Maple Street property were valid and affirm the trial court's judgment that the property was marital property.
 B. Division of Assets in General {¶ 22} As we already noted, we apply the abuse of discretion standard of review when reviewing a trial court's division of marital assets. In other words, we will affirm a trial court's division of marital assets absent a showing that the division is unreasonable, arbitrary, or unconscionable. See Brown, Wylie, and Parker, supra.
 {¶ 23} In the case sub judice, the trial court awarded appellant marital assets valued at $188,000 and ordered appellant to pay $75,000 in marital debt. In addition, appellant was ordered to pay appellee $25,000 upon the sale of either parcel of real property awarded her or upon the parties' youngest child attaining the age of eighteen, whichever occurred first. After the payment of debts and the $25,000 payment to appellee, appellant's distribution was $88,000.
 {¶ 24} On the other hand, appellee was awarded marital assets valued at $90,126 and ordered to pay $55,195 in marital debt. In addition, as we already noted, appellee is to receive $25,000 from appellant. Accordingly, after the payment of debts and receipt of the $25,000 payment from appellant, appellee's distribution was $59,931.
 {¶ 25} R.C. 3105.171(F) states: "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors: (1) The duration of the marriage; (2) The assets and liabilities of the spouses; (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage; (4) The liquidity of the property to be distributed; (5) The economic desirability of retaining intact an asset or an interest in an asset; (6) The tax consequences of the property division upon the respective awards to be made to each spouse; (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property; (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses; (9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 26} It is apparent from the record before us that the trial court did not abuse its discretion when it ordered the division of marital assets as it did. First, the trial court awarded appellant both parcels of real property (i.e., the Maple Street property and the family home). By so doing, the trial court enabled appellant to maintain the existing residence of the children and her own mother. Second, the trial court kept intact the interests in the property including the real estate. Third, considering the extensive debt of the parties, by dividing the assets as it did, the trial court made it possible for appellant to liquidate one of the two real properties and eliminate a large portion, if not all, of the debt appellant was ordered to pay.
 {¶ 27} Since the trial court's division of assets was neither unreasonable, arbitrary, nor unconscionable, we overrule appellant's First Assignment of Error.
 II. Spousal Support {¶ 28} "Trial courts enjoy broad discretion in awarding spousal support. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. We will not reverse a court's decision awarding spousal support absent an abuse of that discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,24, 550 N.E.2d 178. An abuse of discretion is more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. Masters v. Masters, 69 Ohio St.3d 83, 85,1994-Ohio-483, 630 N.E.2d 665. When applying this standard, we may not substitute our judgment for that of the trial court. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181 citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301." Brown v.Brown, Pike App. No. 02CA689, 2003-Ohio-304, at ¶ 8.
 {¶ 29} In determining whether to award spousal support and the amount of that award, if any, the trial court must consider the following factors: "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C).
 {¶ 30} Based on the record in this case, we cannot say that the trial court abused its discretion by not awarding appellant spousal support. Although appellee's income far surpassed appellant's income because she was a stay-at-home mother, the trial court's decision to deny spousal support is not unreasonable, arbitrary, or unconscionable based on the division of assets and debts between the parties.
 {¶ 31} Therefore, we overrule appellant's Second Assignment of Error.
 III. Continuing Jurisdiction Over Spousal Support {¶ 32} In her final assignment of error, appellant asserts that the trial court's attempt to retain jurisdiction over the issue of spousal support was erroneous. Appellee concedes this assignment of error. For the reasons that follow, we sustain appellant's Third Assignment of Error.
 {¶ 33} In Wolding v. Wolding (1992), 82 Ohio App.3d 235,611 N.E.2d 860, the Third District Court of Appeals held that a trial court does not have the authority to retain jurisdiction over the issue of spousal support where it made the specific finding that spousal support was not warranted. See, also, Reed v. Reed (May 20, 1994), 5th Dist. No. 93-CA-137; Long v. Long (July 24, 2000), 5th Dist. No. 1999CA00388. However, several courts have allowed continued jurisdiction over spousal support even though none was awarded in the divorce decree. See Tomovcik v. Tomovcik (Jan. 22, 1997), 7th Dist. No. 95-JE-22; Harbertv. Harbert (Nov. 1, 1995), 2nd Dist. No. 95-CA-41; Aylstock v. Bregenzer
(June 29, 1994), 2nd Dist. No. 14325.
 {¶ 34} The Wolding Court noted that the Supreme Court of Ohio has held that `alimony decrees should possess a degree of finality and certainty.' Wolding v. Wolding, 82 Ohio App.3d at 239, 611 N.E.2d 860, quoting Ressler v. Ressler (1985), 17 Ohio St.3d 17, 18, 476 N.E.2d 1032. R.C. 3105.18 governs spousal support. Subsection (E) specifically provides for the continued jurisdiction of the trial court in matters of spousal support as follows:
 {¶ 35} "(E) * * * if a continuing order for periodic payments of money as spousal support is entered in a divorce * * * action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 {¶ 36} "(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 37} We note, as the Wolding and Long Courts did, that R.C.3105.18(E) is written in the conditional, "if a continuing order for periodic payments of money as spousal support is entered * * *." By using the conditional "if," we find the plain meaning of the statute states jurisdiction cannot continue if there is no "continuing order" for spousal support. Upon review, we conclude the trial court erred in retaining jurisdiction over spousal support when none had been awarded. Accordingly, we hereby delete the order for continuing jurisdiction from the final decree of divorce. Appellant's Third Assignment of Error is sustained.
 Conclusion {¶ 38} Since appellant failed to present a complete record for this Court to review and the trial court did not abuse its discretion, we overrule appellant's First and Second Assignments of Error. However, because the trial court lacked the authority to retain jurisdiction over the issue of spousal support when no spousal support was awarded, we sustain appellant's Third Assignment of Error. Accordingly, we modify the trial court's judgment by deleting its order for continuing jurisdiction.
Judgment affirmed and modified.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED AND MODIFIED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the PIKE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion as to Assignment of Error III; Concurs in Judgment Only as to Assignments of Error I and II.
Kline, J.: Concurs in Judgment Only.
[1] Evidently, the trial court went off the record for a few moments and when it went back on the record, the court reporter did not commence recording again until after appellant's direct testimony had concluded.